**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000199
25-APR-2025
08:06 AM
Dkt. 76 SO**

NO. CAAP-22-0000199
(CONSOLIDATED WITH CAAP-22-0000322)

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PATRICK EHRENLECHNER, individually and
on behalf of L.E. and B.E., Petitioner-Appellee,
v.
TIMOTHY WILLIAMS, Respondent-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO
(CASE NO. 3DSS-22-0000001)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and Nakasone and McCullen, JJ.)

In these consolidated appeals, self-represented
Respondent-Appellant Timothy Williams (**Williams**) appeals from the
March 17, 2022 Order Granting Petition for Injunction Against
Harassment (**Injunction**), and the April 26, 2022 Order for
Attorney's Fees (**Fee Order**), both entered by the District Court
of the Third Circuit, North and South Hilo Divisions (**District
Court**).[1] The Injunction restrained and enjoined Williams from,

---

[1] The Honorable M. Kanani Laubach presided.

On March 28, 2022, Williams filed a notice of appeal from the
Injunction, initiating appellate case number CAAP-22-0000199. On May 10,
2022, Williams filed a notice of appeal from the Fee Order, initiating
appellate case number CAAP-22-0000322. On January 17, 2023, this court
entered an order consolidating CAAP-22-0000199 and CAAP-22-0000322 under CAAP-
22-0000199.

among other things, contacting, threatening, or harassing Petitioner-Appellee Patrick Ehrenlechner (**Ehrenlechner**) and minors L.E. and B.E. for a period of three years. The Fee Order awarded Ehrenlechner attorney's fees and costs in the amount of $2,913.84 as against Williams.

On appeal Williams contends that the District Court abused its discretion by:  (1) denying Williams's March 17, 2022 Non-Hearing Motion for Continuance (**Motion to Continue**); and (2) "citing the wrong statute of law" in granting Ehrenlechner's April 12, 2022 request for attorney's fees and costs (**Fee Request**).

As a threshold matter, we note that Williams's opening briefs do not comply in material respects with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b). In particular, Williams makes numerous factual assertions and arguments without any supporting references to the record. See HRAP Rule 28(b)(4), (7). Williams also improperly appends documents to his opening brief in CAAP-22-0000199 that are not part of the record.[2] See id. Rule 28(b)(10). To promote access to justice, we liberally interpret a self-represented litigant's briefs and do not automatically foreclose them from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). We thus address Williams's arguments to the extent they are discernible and have some

---

[2]    Ehrenlechner asserts that these documents, designated as Exhibits "U" and "V" (CAAP-22-0000199 dockets 32 and 34), contain confidential personal information and/or information filed under seal in another case pursuant to Rule 9 of the Hawaiʻi Court Records Rules (**HCRR**). Ehrenlechner requests that these documents be stricken and/or sealed. Because these documents are not part of the record, they will be stricken. See DW Aina Leʻa Development, LLC v. Bridge Aina Leʻa, LLC, 134 Hawaiʻi 187, 216, 339 P.3d 685, 714 (2014) (ruling that documents that were not part of the record before the Land Use Commission should have been stricken from the record on appeal). Because these stricken documents also contain confidential personal information regarding a minor child or children – including medical or health information in which the respective child has a compelling privacy interest – they will also be sealed. See HCRR Rules 2.19, 9.1; Oahu Publications Inc. v. Takase, 139 Hawaiʻi 236, 247-48, 386 P.3d 873, 884-85 (2016); Roy v. Gov't Emps. Ins. Co., 152 Hawaiʻi 225, 233-34, 524 P.3d 1249, 1257-58 (App. 2023); see also Civ. Beat L. Ctr. for Pub. Int., Inc. v. Maile, 117 F.4th 1200, 1210 (9th Cir. 2024) ("[P]rotecting an individual's constitutional and statutory right to privacy is a compelling interest that may justify sealing a particular medical or health record.").

apparent basis in the record.  We disregard assertions made without such a basis, as well as appended documents that are not part of the record.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Williams's contentions as follows, and affirm.

(1)  Williams contends that the District Court should have granted his Motion to Continue the evidentiary hearing on the Petition.  He argues that "the restraining orders in effect could have been extended, [and] there was no prejudice."

"We review a trial court's decision to grant or deny a motion to continue for an abuse of discretion."  Onaka v. Onaka, 112 Hawaiʻi 374, 378, 146 P.3d 89, 93 (2006); see DJ v. CJ, 147 Hawaiʻi 2, 16, 464 P.3d 790, 804 (2020) (citing Onaka).  "It is well established that 'an abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party-litigant.'"  Onaka, 112 Hawaiʻi at 378, 146 P.3d at 93 (brackets omitted).

On January 3, 2022, Ehrenlechner filed a Petition for Ex Parte Temporary Restraining Order and for Injunction Against Harassment, individually and on behalf of L.E. and B.E., pursuant to HRS § 604-10.5.  On January 4, 2022, the District Court entered a Temporary Restraining Order Against Harassment (**TRO**) as to Williams.  The TRO was later extended by court order several times, including on March 3, 2022, when the District Court extended the TRO and continued the evidentiary hearing to March 17, 2022.

Williams filed the Motion to Continue on the morning of March 17, 2022, the scheduled evidentiary hearing date.  The motion stated that "Williams wishes to hire other counsel" and pointed out that an earlier motion for a continuance filed by

Ehrenlechner had been granted.[3/]  At the March 17 hearing, Williams's then-counsel explained to the court that Williams had "fired" him the prior day, and counsel had prepared the Motion to Continue the prior evening.  Ehrenlechner opposed the motion, stating that he had "expended considerable resources to prepare for this morning. . . .  We have witnesses.  People have taken time off from work."  (Formatting altered.)  Ehrenlechner also confirmed for the court that two of the witnesses, the "minor children," were there to testify.

The District Court denied the Motion to Continue, stating in part:  "I'm gonna deny your request to continue.  I cannot.  The time period [for expiration of the relevant temporary restraining order] is shortly coming up[4/] and the children are here today so I'm gonna deny your request to continue."  (Footnote added.)  The court then excused Williams's counsel and proceeded with the hearing, after first confirming that (a) Williams still wanted "to fire" his counsel, (b) Williams's counsel had given Williams his entire file, (c) Williams had received or had had access to Ehrenlechner's previously delivered hearing exhibits, and (d) Ehrenlechner would allow Williams to review a courtesy copy of the exhibits.

Williams argues that he was not ready to proceed on March 17, 2022, for various reasons.  He makes numerous factual assertions without supporting references to the record, including

---

[3/]     On February 23, 2022, Ehrenlechner filed a motion to continue the evidentiary hearing, then scheduled for March 3, 2022.  Williams had no objection to the motion, and the evidentiary hearing was continued to March 17, 2022.

[4/]     Under HRS § 604-10.5(g), "[a] temporary restraining order that is granted under this section shall remain in effect at the discretion of the court for a period not to exceed ninety days from the date the order is granted . . . ."

We note that, about a year after the March 17, 2022 hearing, the Hawaiʻi Supreme Court held that "if a district court has commenced hearing the merits of an HRS § 604-10.5 injunction petition but, despite reasonable efforts, it is unable to conclude the hearing within ninety days of issuance of the ex parte TRO, it has jurisdiction and discretion to continue the TRO pending its final decision on the injunction petition, if standards for issuance of temporary injunctive relief are met" because "the continued TRO is no longer ex parte."  Meyer v. Basco, 152 Hawaiʻi 281, 289-90, 526 P.3d 258, 266-67 (2023).

many assertions that find no apparent support in the record. <u>See supra</u>.

We conclude, on this record, that the District Court did not abuse its discretion in denying the Motion to Continue the hearing on the Petition.

(2) The District Court awarded Ehrenlechner attorney's fees and costs pursuant to HRS § 604-10.5(h). Williams contends that the District Court abused its discretion by "citing the wrong statute of law" in granting the Fee Request. Williams's argument is conclusory, but appears to challenge the court's authority to award fees under HRS § 604-10.5(h) in these circumstances.

HRS § 604-10.5(h) states: "The court may grant the prevailing party in an action brought under this section costs and fees, including attorney's fees." "[A]n action brought under this section[,]" *i.e.*, HRS § 604-10.5, includes a petition brought to obtain a temporary restraining order or injunction against harassment. <u>See</u> HRS § 604-10.5(c); <u>see also</u> <u>LeMay v. Leander</u>, 92 Hawaiʻi 614, 627, 994 P.2d 546, 559 (2000) ("The plain language of HRS § 604-10.5(g), when read in the context of the entire statute, applies . . . to proceedings to procure a temporary retraining order or injunction pursuant to HRS § 604-10.5 . . . ."). Accordingly, the District Court did not err in citing or relying on HRS § 604-10.5(h) as the statutory basis for awarding costs and fees to Ehrenlechner in this action.

For the reasons discussed above, we affirm the March 17, 2022 Order Granting Petition for Injunction Against Harassment, and the April 26, 2022 Order for Attorney's Fees, entered by the District Court of the Third Circuit, North and South Hilo Division.

Further, IT IS HEREBY ORDERED as follows:

1. The appellate clerk shall strike from the record on appeal in CAAP-22-0000199 the documents appended to Williams's opening brief, designated as Exhibits "U" and "V," at dockets 32 and 34.

2. The appellate clerk shall seal in CAAP-22-0000199 the documents appended to Williams's opening brief, designated as

Exhibits "U" and "V," at dockets 32 and 34.

3. Within ten (10) days from the date of this summary disposition order, any individual may file a motion objecting to the sealing of the identified documents.

DATED: Honolulu, Hawaiʻi, April 25, 2025.

On the briefs:

Pastor Timothy Williams,
Self-represented Respondent-
Appellant.

William B. Heflin
(Alcain Naniole & Heflin)
for Petitioner-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge